LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREEN S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREEN S.A.,

                     Plaintiff,

   - against -

BIN JOHAR GENERAL TRADING LLC. also
known as BIN JOHAR TRADING LLC and
CAVALIER ENTERPRISE, INC.,

                    Defendants.
------------------------------------------------------------X

ECF CASE

07 Civ. 5591 (LAP)



RECEIVED
OCT 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff GREEN S.A. ("GREEN"), by its attorneys, Lyons & Flood, LLP, as and for its Second Amended Verified Complaint against defendants BIN JOHAR GENERAL TRADING LLC., also known as BIN JOHAR TRADING LLC ("BIN JOHAR") and CAVALIER ENTERPRISE, INC. ("CAVALIER"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal

Arbitration Act, 9 USC § 1 *et seq*.

2.      At all material times, plaintiff GREEN was and still is a corporation organized and existing under the laws of a foreign country, and was the owner of the M/V OLYMPIC PRIDE ("the Vessel").

3.      Upon information and belief, at all material times, defendant BIN JOHAR was and still is a corporation organized and existing under the laws of a foreign country with an office in the United Arab Emirates.

4.      Upon information and belief, at all material times, defendant CAVALIER was and still is a corporation organized and existing under the laws of a foreign country with an office in the United Arab Emirates.

5.      By two amended ASBATANKVOY form voyage charter parties as evidenced by the recaps dated December 19, 2005 and March 15, 2006, (the "Charter Parties"), defendant BIN JOHAR chartered the Vessel from plaintiff GREEN for two separate voyages for the carriage of clean unleaded Gasoil (the "Cargo") from the port of Jebel Ali, United Arab Emirates to the port of Tanga, Tanzania.

6.      As per the terms of both Charter Parties, BIN JOHAR was allowed a total of ninety-six (96) hours as laytime to load and discharge the Cargo from the Vessel.

7.      As per the terms of both Charter Parties, BIN JOHAR was to pay for any extra time used beyond the ninety-six (96) hours of laytime allowed as demurrage costs in the sum of $8,500 per day.

8.      During the course of loading and discharge operations for the first voyage based on the charter party dated December 19, 2005, BIN JOHAR exceeded the ninety-six (96) hours of laytime allowed by seventy-six hours (76) and forty-eight minutes (48) a

total of about 3.2 days incurring a demurrage cost of $25,160.00 after deduction of owed commission costs as per the terms of the Charter Parties.

9. During the course of loading and discharge operations for the second voyage based on the charter party dated March 15, 2006, BIN JOHAR exceeded the ninety-six (96) hours of laytime allowed by seven hundred and fifty-seven (757) hours and thirty-six (36) minutes, a total of about 31.57 days, incurring a demurrage cost of $161,636.37 after the deduction of owed commission costs and partial payment of the total amount of the demurrage as per the terms of the Charter Parties.

10. Defendant BIN JOHAR has wrongfully, and in breach of the Charter Parties, refused to pay for the duly demanded and owed demurrage costs incurred by the excessive laytime used during the loading and discharge of the Cargo from the Vessel during both voyages.

11. Pursuant to terms of both Charter Parties, any disputes between plaintiff GREEN and defendant BIN JOHAR are subject to English law and London arbitration.

12. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

13. Defendant CAVALIER, from time to time, made a number of substantial payments to plaintiff to satisfy defendant BIN JOHAR's debts and obligations under the Charter Parties.

14. Upon information and belief, such payments were made to plaintiff even though defendant CAVALIER was under no obligation to plaintiff under the Charter Parties.

15. Defendant CAVALIER was actively involved in negotiations with plaintiff regarding the Charter Parties and made promises on behalf of defendant BIN

JOHAR regarding payment of BIN JOHAR's obligations to plaintiff.

16. Defendant CAVALIER was named as a party to be notified regarding the Vessel in the voyage instructions provided by defendant BIN JOHAR.

17. Upon information and belief, CAVALIER is an alter ego of BIN JOHAR in that CAVALIER was and is so controlled and manipulated that it was and is a mere instrumentality of BIN JOHAR. Alternatively, CAVALIER is a paying agent of BIN JOHAR in that CAVALIER has since the inception of this dispute, and to this date, made payments on obligations of BIN JOHAR, including payments made in and through the New York banking system.

18. Any assets, credits or funds used by CAVALIER to effect payments upon debts of CAVALIER constitute assets, credits, or funds of BIN JOHAR.

19. Both defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, CAVALIER and BIN JOHAR have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to CAVALIER and BIN JOHAR.

20. Plaintiff GREEN hereby demands:

    (a) Payment of $25,160.00 to cover the demurrage costs incurred on the first voyage based under the charter party dated December 19, 2005;

    (b) Payment of $161,636.37 to cover the demurrage costs incurred on the second voyage based under the charter party dated March 15,

2006;

(c) Payment of $37,606.00 to cover the interest on the total amount of demurrage costs incurred in sub-paragraphs (a) and (b) above, from the time the demurrage payments were due until an expected judgment in the London arbitration to be in approximately two years time. The interest will increase over time; and

(d) Payment of $50,000 to cover the legal fees and costs to be incurred in the future in connection with the London arbitration (recoverable under English law). These fees will increase over time.

Total $274,402.37

WHEREFORE, plaintiff GREEN prays that:

a.      process in due form of law according to the practice of this Court in admiralty and maritime matters issue against defendants, citing them to appear and answer under oath all and singular the matters alleged;

b.      since defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff GREEN, in the amount of $274,402.37 to secure plaintiff GREEN's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to

Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d. judgment be entered by this Court in favor of plaintiff and against defendants enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e. plaintiff GREEN to have such other, further, and different relief as this Court may deem just and proper.

Dated: October 5, 2007

LYONS & FLOOD, LLP
Attorneys for plaintiff
GREEN S.A.

By: *Kirk M. Lyons*
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2600015\Pleadings\Second Amended Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff GREEN S.A., in the within action; I have read the foregoing Second Amended Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff GREEN S.A. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   October 5, 2007

_____
Kirk M. Lyons

U:\kmhldocs\2600015\Pleadings\Second Amended Verified Complaint.doc