LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREEN S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREEN S.A.,

                      Plaintiff,

- against -

BIN JOHAR GENERAL TRADING LLC. also
known as BIN JOHAR TRADING LLC and
CAVALIER ENTERPRISE, INC.,

                      Defendants.
------------------------------------------------------------X

**ECF CASE**

07 Civ. 5591 (LAP)

**SUPPLEMENTAL AFFIRMATION IN SUPPORT OF MARITIME ATTACHMENT
AND GARNISHMENT PURSUANT TO RULE B(1) AND IN SUPPORT OF
ORDER APPOINTING PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c) AND SCOPE OF SERVICE**

Kirk M. Lyons, hereby affirms and states pursuant to 28 USC §1746:

1. I am a member of the bar of this Court and a partner with the law firm of Lyons & Flood, LLP, attorneys for plaintiff GREEN S.A.

2. This Supplemental Affirmation is submitted pursuant to Supplemental Rule B and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (see ¶¶ 3 & 4 below) and in support of plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see ¶¶ 5-9 below).

## DEFENDANTS CANNOT BE FOUND WITHIN THE DISTRICT

3.     Based upon the results of investigations by my office, I believe that defendants BIN JOHAR GENERAL TRADING LLC. also known as BIN JOHAR TRADING LLC ("BIN JOHAR") and CAVALIER ENTERPRISE, INC. ("CAVALIER") are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this belief, my office has conducted the following investigations:

(a)    My office contacted the New York Department of State, Division of Corporations on May 18, 2007, August 20, 2007, and October 4, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the defendants and the search results indicated that the defendants are not New York corporations, nor are they licensed, authorized or registered to do business in the State of New York as either domestic or foreign corporations;

(b)    On May 18, 2007, August 20, 2007, and October 4, 2007, via the search engine located at http://www.whitepages.com, I conducted a search of the telephone directory database and found no listing for any offices or agents of the defendants within this District;

(c)    On May 18, 2007, August 20, 2007, and October 4, 2007, my office searched for the defendants through the world wide web using the search engine at http://www.google.com, and found no listing for any offices or agents of the defendants within this District; and

(d)    My office is unaware of any general or managing agent(s) within this District for the defendants.

4.     Based upon the foregoing, I submit that the defendants cannot be "found" within

this District for the purpose of an attachment pursuant to Rule B and seek an order of attachment against such tangible and intangible property of the defendants as may be found within this District up to and including the amount of the claim as specified in the Second Amended Verified Complaint.

### REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

5. Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Gotham Process Services, 299 Broadway, New York, New York 10007 or its designate, or any partner, associate, paralegal or other agent of Lyons & Flood, LLP, in addition to the United States Marshal, to serve the Process of Maritime Attachment and Garnishment issued pursuant to FRCivP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the defendant.

6. Plaintiff is desirous of serving the Process of Maritime Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that my ultimately be entered in favor plaintiff against the defendants.

7. To the extent this application for an Order appointing a special process server with respect to this maritime attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the U.S. Marshal as it simply involves delivery of the process to the representatives of the garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the defendant, within this District. By obtaining leave at this time, to serve these other possible

garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9.      In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and to continue throughout any given day on which process is served throughout the next day, provided process is served the next day, to authorize service by facsimile or e-mail following the initial service of the process by hand, and to deem such facsimile or e-mail service as being accomplished within this District if such service is transmitted or initiated from within the District.

I affirm and state under penalty of perjury that the foregoing is true and correct.

Executed on:   October 5, 2007

_____
Kirk M. Lyons

U:\kmhldocs\2600015\Pleadings\Second Amended Affirmation in Support.doc