William F. Dougherty (WD-8719)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN S.A.,<br><br>　　　　　Plaintiff,<br><br>　　　-against-<br><br>BIN JOHAR GENERAL TRADING LLC, also known as BIN JOHAR TRADING LLC and CAVALIER ENTERPRISE, INC.,<br><br>　　　　　Defendants. | 07 CV 5591 (LAC)<br><br>VERIFIED ANSWER AND COUNTERCLAIM<br><br>Electronically Filed |

　　　Defendant Bin Johar General Trading LLC (hereinafter, "Bin Johar"), by its attorneys Burke & Parsons, as and for its answer to the second amended verified complaint filed by the plaintiff, Green, S.A., alleges upon information and belief as follows:

　　　1.　Admits the allegations contained in paragraph 3 of the plaintiff's second amended verified complaint.

　　　2.　Admits the allegations contained in paragraph 5 of the plaintiff's second amended verified complaint.

　　　3.　Admits the allegations contained in paragraph 11 of the plaintiff's second amended verified complaint.

　　　4.　Admits the allegations contained in paragraph 1 of the plaintiff's second amended verified complaint but respectfully refers all questions of law to the Honorable Court.

5. Denies the allegations contained in paragraph 8 of the plaintiff's second amended verified complaint.

6. Denies the allegations contained in paragraph 9 of the plaintiff's second amended verified complaint.

7. Denies the allegations contained in paragraph 10 of the plaintiff's second amended verified complaint.

8. Denies the allegations contained in paragraph 20 of the plaintiff's second amended verified complaint.

9. Denies the allegations contained in paragraph 6 of the plaintiff's second amended verified complaint except admits that the charter parties provided for 96 hours of laytime, subject to certain agreed contractual exceptions.

10. Denies the allegations contained in paragraph 7 of the plaintiff's second amended verified complaint except admits that the charter parties provided for 96 hours of laytime, subject to certain agreed contractual exceptions, and that the agreed demurrage rate was $8,500 per day, *pro rata*.

11. Denies the allegations contained paragraph 12 of the plaintiff's second amended verified complaint and respectfully refers all questions of law to the Honorable Court.

12. Denies the allegations contained in paragraph 19 of the plaintiff's second amended verified complaint and respectfully refers all questions of law to the Honorable Court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's second amended verified complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the plaintiff's second amended verified complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's second amended verified complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's second amended verified complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's second amended verified complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's second amended verified complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's second amended verified complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's second amended verified complaint.

### AS AND FOR DEFENDANT BIN JOHAR'S
### FIRM AFFIRMATIVE DEFENSE

21. If the plaintiff suffered any alleged damages or accrued any alleged right to demurrage as a consequence of any purported delays encountered during loading or discharge operations conducted pursuant to the charter parties, such damages or demurrage were incurred in whole or in part by reason of the plaintiff's breach of the governing charter parties or by reason of the negligent or intentional acts or omissions or other culpable conduct of the plaintiff, its agents and servants, or the Vessel, her master or her crew.

### AS AND FOR A FIRST COUNTERCLAIM
### AGAINST GREEN S.A., DEFENDANT
### BIN JOHAR ALLEGES UPON
### INFORMATION AND BELIEF AS FOLLOWS

22. Defendant Bin Johar repeats and realleges each and every admission, denial of knowledge or information and allegation contained in paragraphs 1 through 21 of this

verified answer and counterclaim with the same force and effect as if herein set forth and repeated at length.

23. Pursuant to the charter party dated March 15, 2006, Bin Johar loaded 5,975.642 MT of gas oil on board the M/V OLYMPIC PRIDE (the "Vessel") on or about March 28, 2006 at the Jebel Ali Port in Dubai, U.A.E., for carriage to Tanga, Tanzania.

24. Bin Johar was invoiced US$3,407,995.01 by the supplier of the cargo of gas oil loaded on board the Vessel at Jebel Ali Port on or about March 28, 2006.

25. On or about May 10, 2006, the Vessel discharged Bin Johar's cargo of gas oil at Tanga, Tanzania.

26. Upon completion of the Vessel's discharge operation at Tanga, Tanzania, it was noted that Bin Johar had suffered a 77.462 MT cargo loss.

27. As a consequence of the Vessel's loss of 77.462 MT of Bin Johar's cargo, Bin Johar has suffered a loss, which included the value of the lost quantity of cargo, freight and other charges paid on the lost quantity of cargo and a loss of profit which would have accrued to Bin Johar with respect to the lost quantity of cargo, in the total amount of $60,576.95.

28. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings conducted in London under English law. As best as can be estimated at this time, defendant Bin Johar expects to recover the following amount from the plaintiff on its counterclaim:

| | | |
|---|---|---:|
| A. | Loss of Cargo Claim | $60,576.95 |
| B. | Interest (3 years at 8.25%) | 14,992.80 |
| C. | Attorneys' Fees and Arbitration Costs | 68,000.00 |
| | | $143,569.75 |

WHEREFORE, defendant Bin Johar prays that:

1. The plaintiff's second amended verified complaint be dismissed and the attachment of defendant Bin Johar's property be vacated, with costs, disbursements and reasonable attorneys' fees;

  2. That pursuant to Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court order that plaintiff provide security to defendant Bin Johar for the damages demanded in its counterclaim in the total amount of $143,569.75;

  3. That this action be stayed pending the arbitration of the parties' claims and counterclaims in London and that the parties be ordered to proceed to arbitrate their claims and counterclaims in London, as agreed in the charter parties; and

  4. For such other and further or different relief as this Court may seem just and equitable

Dated: New York NY
    November 2, 2007

               BURKE & PARSONS
               Attorneys for Defendant
               Bin Johar General Trading LLC

               _____
               William F. Dougherty (WD-8719)
               100 Park Avenue
               New York NY  10017-5533
               (212) 354-3800

TO: Lyons & Flood, LLP
   Attorneys for Plaintiff
   65 West 36th Street, 7th Floor
   New York NY  10018
   (212) 594-2400

   J. David O'Brien
   Attorney for Defendant
   Cavalier Enterprise, Inc.
   20 Vesey Street, Room 700
   New York NY  10007-4231
   (212) 571-6111

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)

William F. Dougherty, being duly sworn, deposes and says:

5. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Defendant.

6. I have read the foregoing Answer and Counterclaim and I believe the contents thereof are true.

7. This Verification has been made by deponent and not by Defendant because Defendant is a foreign corporation, and has no officers or directors within this jurisdiction.

8. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Defendant.

_____
William F. Dougherty

Sworn to before me this
2nd day of November 2007.

_____
Notary Public

Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010

\\BPIBM346\BP_E\CM\9020_ILH\BP_DOC\0001.DOC