UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

GREEN, S.A.,

                  Plaintiff,

-against-

BIN JOHAR GENERAL TRADING LLC
and CAVALIER ENTERPRISE, INC.,

                  Defendants.

------------------------------------------------------x

07 Civ. 5591 (LAP)

AMENDED ANSWER
AND COUNTERCLAIMS

Defendant, Cavalier Enterprise, Inc., by and through its attorney, J. David O'Brien, Esq. as and for its answer to the complaint of the plaintiff and counterclaims against the plaintiff alleges as follows upon information and belief:

1. Denies that plaintiff's claims against the answering defendant constitute admiralty and maritime claims, and denies that the answering defendant is subject to any arbitration agreement with the plaintiff and as a result denies the federal jurisdiction exists pursuant to 9 U.S.C. §201 et seq. as alleged in paragraph 1 of the Amended Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 2 of the Amended Verified Complaint.

3. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 3 of the Amended Verified Complaint.

4. Admits that Cavalier Enterprise Inc., is a corporation organized and existing under the laws of the State of Delaware, with a place of business in the United

Arab Emirates and except as so specifically admitted denies each and every allegation contained in paragraph 4 of the Amended Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 5 of the Amended Verified Complaint.

6. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 6 of the Amended Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 7 of the Amended Verified Complaint and respectfully refers all questions of contract interpretation to the Court.

8. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 8 of the Amended Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 9 of the Amended Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 10 of the Amended Verified Complaint.

11. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 11 of the Amended Verified Complaint and respectfully refers all questions of law and contract interpretation to the Court.

12. The allegations contained in paragraph 12 constitute solely questions of law to which no reply is required. To the extent such a reply is required, defendant denies each and every allegation contained in paragraph 12 of the Amended Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 13 of the Amended Verified Complaint.

14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 14 of the Amended Verified Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Amended Verified Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Amended Verified Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Amended Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 18 of the Amended Verified Complaint and respectfully refers all questions of law contained therein to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. This Honorable Court lacks subject matter jurisdiction over the claims alleged against the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. This Honorable Court lacks jurisdiction over the person of the answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. The Complaint fails to state a cause of action against the answering defendant.

## AS AND FOR A FOURTH AFFRIMATIVE DEFENSE

22. The answering defendant at all times acted as an agent for a disclosed principal in any transactions with the plaintiff and as such has no liability to the plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. The answering defendant is not a party to any of the charter agreements alleged in the Amended Verified Complaint and as such has no liability to the plaintiff of any alleged breaches of the said charter agreements.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff's attachment of funds belonging to the answering defendant was wrongful and may not be the basis for a claim of jurisdiction over the answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The answering defendant is not subject to any arbitration agreement with the plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. The claims and/or causes of action alleged in the complaint are barred by the applicable statute of limitations and/or the equitable doctrine of laches.

## AS AND FOR A FIRST COUNTERCLAIM

27. Plaintiff is a corporation organized and existing under the laws of a foreign nation.

28. Defendant Cavalier is a corporation organized and existing under the laws of the State of Delaware, with an office and place of business in the United Arab Emirates.

29. The amount in controversy in respect of the counterclaims exceeds $75,000 not including interest, costs or disbursements.

30. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. 1332.

31. Plaintiff has sought and obtained the assistance of this Honorable Court in attaching funds belonging to the answering defendant.

32. The attachment was sought under the Supplemental Rules for Certain Admiralty and Maritime Claims.

33. Plaintiff's claims, if any, against the answering defendant do not constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure nor do they fall within the admiralty and maritime jurisdiction of this Honorable Court.

34. As a consequence of the foregoing, plaintiff's claims against the answering defendant are not the subject of a maritime lien subject to foreclosure in rem.

35. Plaintiff's attachment of funds belonging to the answering defendant was wrongful and in violation of the answering defendant's rights.

36. As a consequence of the foregoing, plaintiff is liable to the defendant for all damages flowing from the wrongful attachment which, upon information and belief are in excess of $1,000,000.

## AS AND FOR A SECOND COUNTERCLAIM

37. Defendant repeats, reiterates and realleges each and every admission, denial, denial of knowledge or information, affirmative defese, and allegation heretofore interposed in paragraphs 1 through 36 hereof with the same force and effect as if set forth at length herein.

38. Plaintiff commenced this action against the answering defendant intentionally.

39. Plaintiff intentionally sought and obtained a wrongful attachment of the answering defendant's property within this district.

40. Plaintiff's attachment of the answering defendant's property was wrongful and without excuse or justification.

41. Plaintiff attached the answering defendant's property solely to obtain an unfair advantage in competing for business with the answering defendant.

42. The answering defendant has suffered damages both from the loss of the use of the attached funds and from the loss of prospective business advantages, which damages are the direct result of the wrongful attachment.

43. By reason of the foregoing, plaintiff is liable to the answering defendant for all damages flowing from the wrongful and tortuous attachment of the answering defendant's property which upon information and belief exceeds $1,000,000.

WHEREFORE, the answering defendant, Cavalier Enterprise, Inc. respectfully requests that this Honorable Court:

a. Order the plaintiff to appear and answer the counterclaims alleged herein;

b. Order the plaintiff to post counter security to secure Cavalier's counterclaims in an amount to be determined, but not less than $1,000,000.

c. Grant judgment to Cavalier Enterprise Inc., dismissing the Amended Verified Complaint with prejudice and granting Cavalier judgment on the counterclaims against the plaintiff in an amount to be determined, but not less than $1,000,000, and

d. That this Honorable Court grant such other, further and different relief as the Court may deem just and proper, together with the costs, disbursements and attorney's fees incurred in this action.

Dated: New York, New York
       November 14, 2007

                                              Yours, etc.,

                                              J. DAVID O'BRIEN, ESQ.

                                         By:  _____
                                              J. David O'Brien (JDOB 4783)
                                              20 Vesey Street – Suite 1210
                                              New York, New York
                                              (212) 571-6111

TO:   LYONS & FLOOD, LLP
      65 West 36th Street
      New York, New York 10018

      BURKE & PARSONS
      100 Park Avenue
      New York, New York 10017

## VERIFICATION

STATE OF NEW YORK)

COUNTY OF NEW YORK)

J. DAVID O'BRIEN, being duly sworn, deposes and says:

44. I am a member of the bar of this Honorable Court and of the firm of J. David O'Brien, attorney(s) for the Defendant.

45. I have read the foregoing Amended Answer and Counterclaim an I believe the contents thereof are true.

46. This Verification has been made by deponent and not by Defendant because Defendant is a foreign corporation, and has no officers or directors within this jurisdiction.

47. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Defendant.

_____
J. DAVID O'BRIEN

Sworn to before me this
14th day of November, 2007

_____
Notary Public

MARK PHILLIPS
Notary Public, State of New York
No. 02PH6048901
Qualified in Kings County
Commission Expires July 31, 2009

## VERIFICATION

STATE OF NEW YORK)

COUNTY OF NEW YORK)

J. DAVID O'BRIEN, being duly sworn, deposes and says:

44. I am a member of the bar of this Honorable Court and of the firm of J. David O'Brien, attorney(s) for the Defendant.

45. I have read the foregoing Amended Answer and Counterclaim an I believe the contents thereof are true.

46. This Verification has been made by deponent and not by Defendant because Defendant is a foreign corporation, and has no officers or directors within this jurisdiction.

47. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Defendant.

_____
J. DAVID O'BRIEN

Sworn to before me this
14th day of November, 2007

_____
Notary Public

MARIE PITTELLI
Notary Public, State of New York
No. 02PI6048901
Qualified in Kings County
Commission Expires July 31, 2009